UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERONIMO MEJIA,<br><br>        Petitioner,<br><br>   v.<br><br>TRENT ALLEN,<br><br>        Respondent. | Case No. 1:23-cv-01730-CDB (HC)<br><br>ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL<br><br>(Docs. 2, 4, 10) |

Petitioner Geronimo Mejia ("Petitioner"), a state prisoner, proceeds *pro se* with a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1).  Before the Court is Petitioner's three requests that the Court appoint counsel to represent him.  (Docs. 2, 4, 10).  Petitioner asks for appointment of counsel to represent him because: (1) his education is limited, (2) he is incompetent to the language of the law, (3) he has a learning disability which "requires him to have an aide, or advisor to assist him [all] and every medical and legal proceedings, (4) he has limited access to legal aid resources, (5) he should be provided one under the Sixth and Fourteenth Amendments, and (6) he lacks the resources to afford an attorney.  (Doc. 10 at 2-3).

There is no constitutional right to counsel in federal habeas proceedings.  *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993).  However, the Criminal Justice Act 18 U.S.C. § 3006A, authorizes the Court to appoint counsel

for a financially eligible person who seeks relief under § 2254 when the "court determines that the interest of justice so require." *Id*. at § 3006A(a)(2)(B); *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) ("Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations."). Moreover, the *Rules Governing Section 2254 Cases in the United States District Courts* require the Court to appoint counsel: (1) when the court has authorized discovery upon a showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted. *See* Habeas Rules 6(a) and 8(c).[1]

The Court finds Petitioner has not demonstrated that appointment of counsel is necessary at this early stage of proceedings. This case is still undergoing screening and a case record has not yet been developed. Furthermore, Petitioner has not shown any exceptional circumstances that warrant the appointment of counsel at this stage. Petitioner was able to file his habeas petition without the aid of counsel. Petitioner's proffered difficulties with his lack of education and legal training, and limited prison library resources are shared with many other habeas petitioners. Therefore, at this stage, the circumstances of this case do not indicate that appointed counsel is necessary or that failure to appoint counsel necessarily would implicate due process concerns.

Accordingly, it is HEREBY ORDERED, Petitioner's motions for appointment of counsel (Docs. 2, 4, 10) are DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:   **January 10, 2024**

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The Rules Governing §2254 cases in the United States Courts are appropriately applied to proceedings pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).

2