1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11    GERONIMO MEJIA,                        Case No. 1:23-cv-01730-CDB (HC)

12                    Petitioner,            **FINDINGS AND RECOMMENDATIONS
                                             TO DISMISS PETITION FOR WRIT OF
13            v.                             HABEAS CORPUS WITHOUT
                                             PREJUDICE FOR PETITIONER'S
14    TRENT ALLEN,                           FAILURE TO PROSECUTE AND TO
                                             OBEY COURT ORDERS**
15                    Respondent.
                                             (Doc. 1)
16
                                             **14-DAY DEADLINE**
17
                                             Clerk of Court to Assign District Judge
18

19           Petitioner Geronimo Mejia ("Petitioner"), a state prisoner, proceeds pro se and *in forma*

20    *pauperis* with a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1).

21    **Background**

22           On June 24, 2025, following a preliminary screening of the petition, the undersigned

23    ordered Petitioner to file an amended petition to remedy certain identified deficiencies.  (Doc.

24    15).  Specifically, Petitioner did not use the approved form and therefore omitted critical

25    information regarding exhaustion of state remedies.  Additionally, Petitioner did not sign the

26    petition[1], as required by Federal Rule of Civil Procedure 11(a) and Local Rule 131(b).  Finally, it

27    is not clear that Petitioner is entitled to relief as the petition fails to include more than vague and

28    _____
      [1] The petition is instead signed by an unnamed individual with the "Legal Aide Assistant Program."  (Doc. 1 at 6).

conclusory allegations in support of Petitioner's claims and does not include any facts to support his allegations.

Petitioner was ordered to file either an amended petition or a request to stand on his original petition within 30 days of issuance of the screening order. (Doc. 15 at 4). Petitioner was cautioned that any failure to comply would result in a recommendation that the action be dismissed. (*Id.*). More than 30 days have elapsed, and Petitioner has failed to file either an amended petition or a request to stand on the petition as screened.

**<u>Governing Legal Standards</u>**

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. Local Rule 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

2

1    Similarly, Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action if

2    the petitioner fails to comply with a court order.  Fed. R. Civ. P. 41(b).  "By its plain text, a Rule

3    41(b) dismissal . . . requires a court order with which an offending [petitioner] failed to comply."

4    *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891 (9th Cir. 2019) (internal quotation

5    marks, citation, and footnote omitted).  The Court must analyze five factors before dismissing a

6    case pursuant to Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2)

7    the court's need to manage its docket; (3) the risk of prejudice to the [respondents]; (4) the public

8    policy favoring disposition of cases on their merits; and (5) the availability of less drastic

9    alternatives."  *Id*. (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999));

10    *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  These factors guide a court in deciding

11    what to do and are not conditions that must be met in order for a court to take action.  *In re*

12    *Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006)

13    (citation omitted).

14    **Discussion**

15    Here, Petitioner has failed to comply with the Court's order and Local Rules.  Petitioner

16    has filed no response to the Court's order to file an amended petition or request to stand on the

17    petition as screened, and the time to do so has expired.  There are no other reasonable alternatives

18    available to address Petitioner's failure to respond and otherwise obey this Court's orders.  Thus,

19    the first and second factors—the expeditious resolution of litigation and the Court's need to

20    manage its docket—weigh in favor of dismissal.  *Carey*, 856 F.2d at 1440.

21    The third factor, risk of prejudice to Respondent, also weighs fairly in favor of dismissal

22    since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an

23    action.  *See Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir. 1976).  This matter cannot proceed

24    further without Petitioner's participation to prosecute the case with a petition that (1) is signed by

25    the Petitioner; (2) identifies relevant information concerning whether Petitioner has exhausted his

26    state remedies; and (3) provides factual support for the grounds for relief.  (*See* Doc. 15 at 2-3).

27    The presumption of injury holds given Petitioner's unreasonable delay in prosecuting this action.

28    Thus, the third factor—a risk of prejudice to the Respondent—also weighs in favor of dismissal.

1    *Carey*, 856 F.2d at 1440.

2      The fourth factor usually weighs against dismissal because public policy favors

3    disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However,

4    "this factor lends little support to a party whose responsibility it is to move a case toward

5    disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460

6    F.3d at 1228. Petitioner has not moved this case forward toward disposition on the merits. He

7    has instead failed to comply with this Court's orders and, thus, is impeding the progress of this

8    action. Therefore, the fourth factor — the public policy favoring disposition of cases on their

9    merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

10      Finally, the Court's warning to a party that failure to obey the court's order will result in

11    dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262.

12    Here, as discussed above, the Court's order cautioned Petitioner that failure to comply would

13    result in a recommendation that the action be dismissed. (Doc. 15 at 4).

14      **Conclusion and Recommendation**

15      For the reasons given above, the Clerk of Courts is DIRECTED to assign a United States

16    District Judge to this action.

17      Further, IT IS RECOMMENDED as follows:

18      1.  The Court DISMISS this action for Petitioner's failure to prosecute this action and

19    to comply with the Court's orders (*see* E.D. Cal. Local Rule 110); and

20      2.  The Clerk of the Court be DIRECTED to close this case.

21      These Findings and Recommendations will be submitted to the United States District

22    Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days

23    after being served with a copy of these Findings and Recommendations, a party may file written

24    objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to

25    Magistrate Judge's Findings and Recommendations" and shall not exceed 15 pages without leave

26    of Court and good cause shown. The Court will not consider exhibits attached to the Objections,

27    but a party may refer to exhibits in the record by CM/ECF document and page number. Any

28    pages filed in excess of the 15-page limitation may be disregarded by the District Judge when

4

reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:  **August 5, 2025**

_____
UNITED STATES MAGISTRATE JUDGE